UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


TRAVIS DURANT MAY,

          Petitioner,

                                          CASE NO. 14-cv-13225
v.                                    HONORABLE GERSHWIN A. DRAIN

WARDEN HAAS,

          Respondent.
_____/


**OPINION AND ORDER DENYING THE PETITION FOR A WRIT OF
HABEAS CORPUS, DENYING A CERTIFICATE OF APPEALABILITY,
AND DENYING LEAVE TO PROCEED IN FORMA PAUPERIS ON APPEAL**

**I.     INTRODUCTION**

Michigan parolee Travis Durant May ("Petitioner"), has filed a *pro se* Petition for a Writ of

Habeas Corpus pursuant to 28 U.S.C. § 2254 concerning his parole and required enrollment in a

substance abuse program as a condition of his parole, and the state courts' handling of his request

for a declaratory ruling as to such matters.  Petitioner does not contest his criminal conviction or

sentence in this proceeding.

Promptly after the filing of a habeas petition, the Court must undertake a preliminary review

of the petition to determine whether "it plainly appears from the face of the petition and any exhibits

annexed to it that the petitioner is not entitled to relief in the district court."  Rule 4, RULES

GOVERNING § 2254 CASES; *see also* 28 U.S.C. § 2243.  If, after preliminary consideration, the Court

determines that the petitioner is not entitled to relief, the Court must summarily dismiss the petition.

*Id., see also Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (district court has the duty to "screen

out" petitions that lack merit on their face).  A dismissal under Rule 4 includes those petitions which raise legally frivolous claims, as well as those containing factual allegations that are palpably incredible or false.  *Carson v. Burke*, 178 F.3d 434, 436-37 (6th Cir. 1999).  After undertaking the review required by Rule 4, the Court concludes that the habeas petition must be dismissed and the request for a stay must be denied.  The Court also concludes that a Certificate of Appealability and Leave to Proceed In Forma Pauperis on appeal must be denied.

## II.    DISCUSSION

Petitioner states that the Michigan Parole Board granted him parole in July 2012 with a projected release date of February 14, 2013, but that he was required to enter and complete a residential substance abuse treatment program as a condition of parole.  Petitioner filed prison grievances related to such matters, which were presumably denied.

Petitioner filed a complaint for a declaratory ruling with the Jackson County Circuit Court, which was denied in September 2013.  Reconsideration was denied in November 2013.  Petitioner filed an application for leave to appeal with the Michigan Court of Appeals, which was denied for lack of merit.  *May v. Dep't of Corr.*, No. 318338 (Mich. Ct. App. Feb. 27, 2014).  He also filed an application for leave to appeal with the Michigan Supreme Court, which was denied in a standard order.  *May v. Dep't of Corr.*, 849 N.W.2d 375 (Mich. 2014).  Petitioner was released on parole on May 20, 2014 (while his case was pending in the state appellate courts).  *See* Offender Profile, Michigan Offender Tracking Information System ("OTIS"), http:mdocweb.state.mi.us/OTIS2/otis2profile.aspx?mdocNumber=212304.

Petitioner signed his federal habeas petition on August 20, 2014. *See* Dkt. No. 1.  As noted, his petition concerns his parole eligibility and required enrollment in a substance abuse program as

a condition of his parole, as well as the state courts' handling of his request for a declaratory ruling as to such matters.

The United States Constitution requires the existence of a case or controversy through all stages of federal judicial proceedings.  U.S. CONST. art. III, § 2.  A case becomes moot "when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome.'" *Demis v. Sniezek*, 558 F.3d 508, 512 (6th Cir. 2009) (quoting *Int'l Union v. Dana Corp.*, 697 F.2d 718, 720-21 (6th Cir. 1983) (additional quotation marks and citation omitted)).  "'The parties must continue to have a personal stake in the outcome of the lawsuit.'"  *Id.* (quoting *Lewis v. Cont'l Bank Corp.*, 494 U.S. 472, 477-78 (1990)).  A case becomes moot and is beyond the jurisdiction of the courts if "events occur during the pendency of [the] litigation which render the court unable to grant the requested relief."  *Id.*

In this case, Petitioner's release on parole moots his habeas claims because there is no longer a case or controversy to litigate with respect to such matters.  *Townsend v. Vasbinder*, 365 F. App'x 657, 660 (6th Cir. 2010); *Mannino v. Gluch*, No. 89-1802, 1989 U.S. Dist. WL 145909, at *1 (6th Cir. Dec. 4, 1989).  Petitioner has been released on parole.  There is no further relief for this Court to grant on federal habeas review.  The habeas petition must therefore be dismissed.[1]

---

[1]The Court notes that Petitioner also fails to state a claim upon which habeas relief may be granted.  First, there is no federal constitutional right to parole, *Greenholtz v. Inmates of Nebraska Penal and Corr. Complex*, 442 U.S. 1, 7 (1979); *Gavin v. Wells*, 914 F.2d 97, 98 (6th Cir. 1990); and Michigan law does not create a liberty interest in parole.  *Glover v. Michigan Parole Bd.*, 596 N.W.2d 598, 603-04 (Mich. 1999); *Hurst v. Dep't of Corr. Parole Bd.*, 325 N.W.2d 615, 617 (Mich. Ct. App. 1982); *see also Crump v. Lafler*, 657 F.3d 393, 404 (6th Cir. 2011); *Sweeton v. Brown*, 27 F.3d 1162, 1164-65 (6th Cir. 1994) (en banc).  Because Petitioner does not have a constitutionally-protected liberty interest in parole, he cannot maintain a habeas action based upon any claimed improper denial or delay in obtaining parole.  Second, the determination of whether a particular state court is vested with jurisdiction under state law is a "function of the state courts, not the federal judiciary."  *Wills v. Egeler*, 532 F.2d 1058, 1059 (6th Cir. 1976); *see also Strunk v. Martin*, 27 F.

3

## III.    CONCLUSION

For the reasons stated, the Court concludes that Petitioner is not entitled to federal habeas relief because his claims have been rendered moot by his release on parole and  there is no further habeas relief that can be granted.  His petition shall be denied.

Before Petitioner may appeal the Court's decision, a certificate of appealability must issue. 28 U.S.C. § 2253(c)(1)(a); FED. R. APP. P. 22(b).  A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  When a district court denies relief on the merits, the substantial showing threshold is met if the petitioner demonstrates that reasonable jurists would find the court's assessment of the constitutional claim debatable or wrong.  *Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000).  When a district court denies relief on procedural grounds without addressing the merits, a certificate of appealability should issue if it is shown that jurists of reason would find it debatable whether the petitioner states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.  *Id*.  Petitioner has not made a substantial showing of the denial of a constitutional right and reasonable jurists could not debate the correctness of the Court's ruling.  A certificate of appealability is not warranted.  Nor should Petitioner be granted leave to proceed in forma pauperis on appeal as an appeal cannot be taken in good faith.  FED. R. APP. P. 24(a).

Petitioner's Petition for Writ of Habeas Corpus is **DENIED** and **DISMISSED WITH PREJUDICE**. Petitioner's Certificate of Appealability is **DENIED** and Leave to Proceed *In Forma*

---

App'x 473, 475 (6th Cir. 2001); and perceived violations of state law are not cognizable on federal habeas review.  *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991).  Petitioner's state law jurisdictional and declaratory ruling claims thus do not provide a basis for federal habeas relief.

*Pauperis* on appeal is **DENIED**.

**IT IS SO ORDERED.**

/s/Gershwin A Drain
GERSHWIN A. DRAIN
UNITED STATES DISTRICT JUDGE

Dated:  September 29, 2014