UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TRAVIS MAY,

Petitioner,

v.

WARDEN HAAS,

Respondent.
_____/

Case No. 14-cv-13225

UNITED STATES DISTRICT COURT JUDGE
GERSHWIN A. DRAIN

UNITED STATES MAGISTRATE JUDGE
MICHAEL J. HLUCHANIUK

**OPINION AND ORDER DENYING PETITIONER'S MOTION FOR RELIEF FROM JUDGMENT [7], DENYING A CERTIFICATE OF APPEALABILITY, AND DENYING LEAVE TO PROCEED IN FORMA PAUPERIS ON APPEAL**

**I. INTRODUCTION**

The Court initially denied Travis Durant May's ("Petitioner") Petition for a Writ of Habeas Corpus [1] on September 29, 2014. Dkt. No. 4. In denying the petition, the Court noted that "Petitioner's release on parole moots his habeas claims because there is no longer a case or controversy to litigate with respect to such matters." *Id*. (Page ID # 59). Additionally, the Court denied Petitioner a Certificate of Appealability, finding that he had "not made a substantial showing of the denial of a constitutional right and reasonable jurists could not debate the correctness of the Court's ruling." *Id*. (Page ID # 60).

On September 25, 2015, Petitioner filed a Motion for Relief from Judgment [7] pursuant to Rule 60(b)(1). *See* FED. R. CIV. P. 60(b)(1). He claims that his pleadings did not accurately express the nature of his complaint, the mistake upon which he relies in his motion. Dkt. No. 7 at 1. After reviewing these arguments, the Court will **DENY** Petitioner's motion [7], **DENY** a Certificate of Appealability, and **DENY** leave to proceed *in forma pauperis* on appeal.

-1-

## II. BACKGROUND

Petitioner was sentenced by Michigan Department of Corrections to serve a sentence of nine months to ten years for larceny from a person. Dkt. No. 1 at 44. His earliest date of release was July 20, 2012. *Id*. On July 5, 2012, Petitioner was granted parole by the parole board, which required him to enter and complete Residential Substance Abuse Treatment ("RSAT"). *Id*. His projected release date was February 14, 2013. *Id*.

It appears that RSAT took place at the Cooper Street Correctional Facility, where Petitioner was transferred in June 2012. *Id*. at 45. Petitioner was displeased that RSAT entailed unpaid work duty and group meetings where he felt he was subjected to demeaning comments. *Id*. He filed several grievances during his time there. *Id*.

On August 25, 2012, Petitioner was transferred back to his prior correctional facility. *Id*. He then filed a complaint for a declaratory ruling with the Jackson County Circuit Court, which was denied in September 2013. Dkt. No. 4 at 2. Reconsideration was denied in November 2013. *Id*. Petitioner filed an application for leave to appeal with the Michigan Court of Appeals, which was denied for lack of merit. *May v. Dep't of Corr.*, No. 318338 (Mich. Ct. App. Feb. 27, 2014). He also filed an application for leave to appeal with the Michigan Supreme Court, which was denied in a standard order. *May v. Dep't of Corr.*, 849 N.W.2d 375 (Mich. 2014). Petitioner was released on parole on May 20, 2014, while his case was pending in the state appellate courts. *See* Dkt. No. 4 at 2. On August 20, 2014, Petitioner signed his federal habeas petition, *see* Dkt. No. 1, and the next month this Court rendered its decision that his habeas claims were rendered moot by his status as a parolee. Dkt. No. 4 at 2–3.

Petitioner has since been reincarcerated at the Kinross Correctional Facility as a result of a parole violation. Dkt. No. 7 at 1.

### III. LEGAL STANDARDS

Rule 60(b)(1) allows a court to relieve a party from a final judgment based on mistake, inadvertence, surprise, or excusable neglect. FED.R.CIV.P. 60(b)(1). "It is well settled that the [ruling on] a motion to set aside judgment under Rule 60(b)(1) is a matter addressed to the sound discretion of the trial court, and that determination will not be reversed except for abuse of discretion." *FHC Equities, L.L.C. v. MBL Life Assur. Corp.*, 188 F.3d 678, 683 (6th Cir. 1999) (quoting *Lewis v. Alexander*, 987 F.2d 392, 396 (6th Cir. 1993); *In re Salem Mortgage Co.*, 791 F.2d 456, 459 (6th Cir. 1986)). The Sixth Circuit has stated that "a Rule 60(b)(1) motion is intended to provide relief in only two situations: (1) when a party has made an excusable mistake or an attorney has acted without authority, or (2) when the judge has made a substantive mistake of law or fact in the final judgment or order." *United States v. Reyes*, 307 F.3d 451, 455 (6th Cir. 2002). "As such, Rule 60(b) does not allow a defeated litigant a second chance to convince the court to rule in his or her favor by presenting new explanations, legal theories, or proof." *Jinks v. AlliedSignal, Inc.*, 250 F.3d 381, 385 (6th Cir. 2001).

### IV. ANALYSIS

A petition for writ of habeas corpus is not the proper vehicle in which to challenge conditions of confinement. *See Hodges v. Bell*, 170 F. App'x 389, 390 (6th Cir. 2006) ("Generally, a federal court's authority in a habeas proceeding … extends only to determining the legality of a petitioner's state-court conviction and sentence, and not to addressing the conditions of his confinement."); *Lutz v. Hemingway*, 476 F. Supp. 2d 715, 718 (E.D. Mich. 2007) (stating that a petition for writ of habeas corpus is the sole remedy for challenges to the fact or duration of physical imprisonment). Habeas corpus relief is not available to prisoners who complain only about the conditions of their legal incarceration. *See Hodges,* 170 F. App'x at 392. Instead,

"requests for relief turning on circumstances of confinement may be presented in a § 1983 action." *Muhammad v. Close*, 540 U.S. 749, 750 (2004).[1]

Petitioner's *pro se* Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 concerned his parole and enrollment in a substance abuse program as a condition of his parole. Dkt. No. 1 at 44. Petitioner did not contest his criminal conviction or sentence in this proceeding. *See id*. He merely asserted that the parole board violated the Due Process and Equal Protection Clauses of the United States Constitution by ordering him to take part in RSAT.[2] Dkt. No. 1 at 15. In Petitioner's Motion for Relief from Judgment, he states that he made a mistake in that his original pleadings did not accurately express the nature of his complaint. Dkt. No. 7 at 1. He then proceeds to repeat the same argument he asserted in his original complaint, objecting to the parole board's order that he take part in RSAT. *See id*. at 1–2.

Petitioner's complaint about the parole board's order did not relate to the legality of his confinement, nor did it touch on the legal sufficiency of the criminal court proceedings which resulted in his incarceration. His Motion for Relief from Judgment similarly fails to address either of these issues, much less identify an excusable mistake in the earlier proceedings. Accordingly, since Petitioner has not implicated the validity of his larceny conviction or duration

---

[1] It would appear Petitioner is aware of this option, as he has already filed a civil suit against members of the parole board for constitutional violations. *See May v. Heyns et al*., No. 15-cv-10785 (E.D. Mich. Sept. 18, 2015). He has provided no facts in his civil complaint to illustrate exactly what events led to his constitutional rights being violated by the parole board members. *See id*. They may or may not be the same allegations found in his habeas petition.

[2] The Sixth Circuit has held that there is no protected liberty interest in parole in Michigan. *See Sweeton v. Brown*, 27 F.3d 1162, 1164–65 (6th Cir. 1994) (en banc). The state's applicable statute, Mich. Comp. Laws § 791.233, does not place "substantive limitations on the discretion of the parole board through the use of particularized standards which mandate a particular result if the substantive predicate is met." *Janiskee v. Michigan Dep't of Corr.*, 932 F.2d 968 at *1 (6th Cir. 1991) (citing *Kentucky Dep't of Corrections v. Thompson*, 490 U.S. 454, 462 (1989); *Olim,* 461 U.S. at 249). Instead, Michigan authorities have broad discretion over parole. *See Sweeton*, 27 F.3d at 1164–65. The statute provides that the grant of parole is conditional on the board being reasonably assured that the prisoner will not become a menace to society or to the public safety. MICH. COMP. LAWS § 791.233(1)(a). Parole-in-custody may be imposed, MICH. COMP. LAWS § 791.233(2), as may other rules which restrict a prisoner's activities substantially beyond the scope of an ordinary, law-abiding citizen. *See Morrissey v. Brewer*, 408 U.S. 471, 477–78 (1972) (detailing restrictions that parole may impose).

of his state-court sentence for that crime, his claim falls outside of the cognizable core of habeas corpus relief. *See Hodges*, 170 F. App'x at 393.

## V. CONCLUSION

For the reasons discussed, Petitioner's Motion For Relief From Judgment [7] is **DENIED**. The Court reiterates that Petitioner's Certificate of Appealability and Leave to Proceed *In Forma Pauperis* on appeal are both **DENIED**. *See* Dkt. No. 4 at 4–5.

IT IS SO ORDERED.

Dated: October 6, 2015

/s/Gershwin A Drain
HON. GERSHWIN A. DRAIN
United States District Court Judge